1   **WO**

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9   Richard Maloney,                              No. CV-12-02054-PHX-DGC

10                       Plaintiff,              **ORDER**

11  v.

12  Lois M. Kropp,

13                       Defendant.

14          On December 10, 2012, Defendant Lois M. Kropp filed a motion for judgment on

15  the pleadings.  Doc. 18.  The motion has been fully briefed.  Docs. 14, 18.  For the

16  reasons that follow, the Court will grant Defendant's motion with prejudice.

17          Plaintiff alleges that Defendant and her daughter made false reports about him to

18  the police.  Based on those reports, he brings a claim for defamation, negligence, and

19  civil conspiracy.

20  **I.     Legal Standard.**

21          A motion for judgment on the pleadings pursuant to Federal Rule of Civil

22  Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving

23  party's pleadings as true, the moving party is entitled to judgment as a matter of law."

24  *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin*

25  *Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a

26  Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint

27  and treat as false the allegations in the defendant's answer that contradict the plaintiff's

28  allegations).  In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts

1    as pled would entitle the plaintiff to a remedy.  *Merchants Home Delivery Serv., Inc. v.*

2    *Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

3    **II.     Analysis.**

4          **A.     Defamation.**

5          In Arizona, defamation claims based on police reports are barred as a matter of

6    law.  *See Ledvina v. Cerasani*, 146 P.3d 70 (Ariz. Ct. App. 2007) ("putative crime

7    victims are entitled to absolute immunity when they complain to the police.").  The only

8    conduct underlying Plaintiff's defamation claim, which the Court must accept as true, is

9    Defendant's false report to the police.  Because reports to the police are afforded absolute

10    immunity, the Court will dismiss the defamation claim.

11          **B.     Negligence.**

12          The complaint does little more than recite the elements of a negligence claim.

13    Doc. 1 at 4-5.  Plaintiff does not explain what duty Defendant owed him, how that duty

14    was breached, or any causal connection between Defendant's conduct and any resulting

15    injury.  *See Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (identifying the elements of

16    a negligence claim).  In his response, Plaintiff cites the Arizona statute criminalizing false

17    police reports (Doc. 14 at 7), but he does not explain how that statue gives rise to a duty.

18    The Court will dismiss the negligence claim.[1]

19          **C.     Civil Conspiracy.**

20          In Arizona, a claim for civil conspiracy requires that two or more individuals agree

21    to accomplish an "underlying tort."  *Wells Fargo Bank v. Arizona Laborers, Teamsters*

22    *and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36 (Ariz. 2002).

23    Having dismissed Plaintiff's other two claims above, the Court finds no underlying tort

24    upon which Plaintiff might base his claim for civil conspiracy.  Accordingly, the Court

25    will dismiss the claim.

26
27    [1] A similar negligence claim brought by Plaintiff against Defendant's daughter was dismissed for similar reasons in *Maloney v. Blair*, No. CV 12-01955-PHX-JAT, 2012 WL 6101998 (D. Ariz. Dec. 7, 2012).

28

1    **III.    Dismissal with Prejudice.**

2            Plaintiff seeks leave to amend the complaint to add additional details regarding the

3    police report.  Doc. 14 at 8.  No additional details about the report can overcome absolute

4    immunity. Nor can any additional facts establish that Defendant owed Plaintiff a duty

5    with respect to reports made to the police.   Accordingly, the Court finds that any

6    amendment would be futile and will dismiss all claims with prejudice.  *See Doe v. Fed.*

7    *Dist. Court*, 467 F. App'x 725, 728 (9th Cir. 2012) (finding no abuse of discretion where

8    a district court dismissed a pro se complaint when "the district court had good reason to

9    believe that further amendments would be futile and prejudice the defendants.").

10           **IT IS ORDERED** that Defendant's motion for a judgment on the pleadings

11   (Doc. 12) is **granted**, and the complaint (Doc. 1) is **dismissed with prejudice.**   The

12   Clerk shall terminate this action.

13           Dated this 8th day of February, 2013.

14

15

16

17                                        David G. Campbell
                                         United States District Judge

18

19

20

21

22

23

24

25

26

27

28