WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Maloney,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Lois M. Kropp,<br><br>　　　　　　　Defendant. | No. CV-12-02054-PHX-DGC<br><br>**ORDER** |

On December 10, 2012, Defendant Lois M. Kropp filed a motion for judgment on the pleadings. Doc. 18. The motion has been fully briefed. Docs. 14, 18. For the reasons that follow, the Court will grant Defendant's motion with prejudice.

Plaintiff alleges that Defendant and her daughter made false reports about him to the police. Based on those reports, he brings a claim for defamation, negligence, and civil conspiracy.

**I.    Legal Standard.**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts

as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

**II. Analysis.**

**A. Defamation.**

In Arizona, defamation claims based on police reports are barred as a matter of law. *See Ledvina v. Cerasani*, 146 P.3d 70 (Ariz. Ct. App. 2007) ("putative crime victims are entitled to absolute immunity when they complain to the police."). The only conduct underlying Plaintiff's defamation claim, which the Court must accept as true, is Defendant's false report to the police. Because reports to the police are afforded absolute immunity, the Court will dismiss the defamation claim.

**B. Negligence.**

The complaint does little more than recite the elements of a negligence claim. Doc. 1 at 4-5. Plaintiff does not explain what duty Defendant owed him, how that duty was breached, or any causal connection between Defendant's conduct and any resulting injury. *See Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (identifying the elements of a negligence claim). In his response, Plaintiff cites the Arizona statute criminalizing false police reports (Doc. 14 at 7), but he does not explain how that statue gives rise to a duty. The Court will dismiss the negligence claim.[1]

**C. Civil Conspiracy.**

In Arizona, a claim for civil conspiracy requires that two or more individuals agree to accomplish an "underlying tort." *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36 (Ariz. 2002). Having dismissed Plaintiff's other two claims above, the Court finds no underlying tort upon which Plaintiff might base his claim for civil conspiracy. Accordingly, the Court will dismiss the claim.

---

[1] A similar negligence claim brought by Plaintiff against Defendant's daughter was dismissed for similar reasons in *Maloney v. Blair*, No. CV 12-01955-PHX-JAT, 2012 WL 6101998 (D. Ariz. Dec. 7, 2012).

**III.     Dismissal with Prejudice.**

Plaintiff seeks leave to amend the complaint to add additional details regarding the police report. Doc. 14 at 8. No additional details about the report can overcome absolute immunity. Nor can any additional facts establish that Defendant owed Plaintiff a duty with respect to reports made to the police. Accordingly, the Court finds that any amendment would be futile and will dismiss all claims with prejudice. *See Doe v. Fed. Dist. Court*, 467 F. App'x 725, 728 (9th Cir. 2012) (finding no abuse of discretion where a district court dismissed a pro se complaint when "the district court had good reason to believe that further amendments would be futile and prejudice the defendants.").

**IT IS ORDERED** that Defendant's motion for a judgment on the pleadings (Doc. 12) is **granted**, and the complaint (Doc. 1) is **dismissed with prejudice.** The Clerk shall terminate this action.

Dated this 8th day of February, 2013.

_David G. Campbell_
David G. Campbell
United States District Judge